IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS J. HOPPES,

   Petitioner,

      vs.

GREGORY SCOTT,

   Respondent.                              Case No. 15-cv-00610-DRH

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Dennis J. Hoppes, a civilly committed person pursuant to the Illinois Sexually Violent Person's Act ("Act"), 725 ILCS 207/1 *et seq.*, is presently confined at the Rushville Treatment and Detention Facility in Rushville, Illinois. Now before the Court is petitioner's habeas corpus petition (Doc. 1) challenging the constitutionality of his ongoing confinement at Rushville under the Act. Petitioner has not filed any appeals related to his confinement; however, he contends that there are no state statutes available to him to challenge his civil commitment. Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 of the Rules Governing Section 2254[1] Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead on or before July 24, 2015. This preliminary order to respond does not, of

---

[1] Petitioner filed this action as a habeas petition under 28 U.S.C. § 2241; however, since petitioner states that he is confined pursuant to a state court order, this action shall be construed as a habeas petition under 28 U.S.C. § 2254(d).

course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 23, 2015**

Digitally signed by
David R. Herndon
Date: 2015.06.23
14:56:10 -05'00'

**United States District Court**