IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| DENNIS J. HOPPES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 15-610-DRH |
| | ) | |
| GREGORY SCOTT, Director, | ) | |
| Rushville Treatment and Det. Facility, | ) | The Honorable |
| | ) | David R. Herndon, |
| Respondent. | ) | Judge Presiding. |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) and this Court's June 24, 2015 order, Doc. 29, respondent answers petitioner's habeas petition.

## BACKGROUND

In 1999, the State petitioned the Circuit Court of St. Clair County, Illinois, to commit petitioner Dennis J. Hoppes under the Sexually Violent Persons Commitment Act (SVP Act). Petitioner admitted that he was a sexually violent person (SVP), and on October 14, 1999, the circuit court adjudicated him an SVP and ordered him committed to the custody of the Illinois Department of Human Services at the Treatment and Detention Facility in Rushville, Illinois. Order Adjudicating Petitioner an SVP, *People v. Hoppes*, No. 99 MR 197 (Cir. Ct. St. Clair Cnty.) (Exhibit A) at 1-2 (filed electronically under separate cover). Because

petitioner did not file a direct appeal or otherwise challenge his commitment in state court, *see* Doc. 1 at 2, no report of proceedings was prepared.

On June 3, 2015, petitioner filed the present pro se 28 U.S.C. § 2254 habeas petition in this Court.[1] Doc. 1. Petitioner alleges that

1. his confinement as an SVP is unconstitutional because the State failed to prove that he lacked the ability to control his behavior, as required by *Kansas v. Hendricks*, 521 U.S. 346 (1997);

2. his confinement is unconstitutional because the State failed to prove beyond a reasonable doubt that it is substantially probable that he will reoffend;

3. his confinement was improperly predicated on a "non-medical doctor's diagnosis of a 'congenital/acquired' mental abnormality" and he does not suffer from a mental disorder under the SVP Act;

4. his advancing age and unidentified "serious debilitating medical conditions" constitute "new evidence" that reduce his risk of reoffending such that he is no longer an SVP.

*Id.* at 6-7. This Court should deny habeas relief because the petition is untimely and, additionally, all of the claims are procedurally defaulted.

## ARGUMENT

### I. Petitioner's Habeas Petition is Untimely.

Petitioner's habeas petition is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). Section 2244(d) provides that

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[1] Although the petition is captioned under 28 U.S.C. § 2241, as this Court notes, Doc. 4 at 1, 28 U.S.C. § 2254 is the appropriate means to challenge petitioner's confinement.

>   judgment of a State court. The limitation period shall run from the latest of—
>
>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Petitioner does not allege a State-created impediment to filing, a newly recognized and retroactive constitutional right, or a later discovery of the factual predicate of a claim.[2] *See* Doc. 1 at 6-8. Therefore, subsections (B)-(D) do

---

[2] Although claim 4 alleges that petitioner's advancing age and "serious debilitating medical conditions" constitute "new evidence" that reduce his risk of reoffending such that he is no longer an SVP, Doc. 1 at 7-8, subsection (d)(1)(D) is inapplicable because petitioner's *present* physical condition does not impact the propriety of his *initial* commitment in 1999 that he challenges here. Rather, a petition for discharge under the SVP Act is the proper mechanism to assert that petitioner's condition has so changed that he is no longer an SVP. *See* 725 ILCS 207/65(b).

not provide the statutory date for petitioner's limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

Under § 2244(d)(1)(A), the statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's habeas petition challenges his initial commitment under the SVP Act; thus, calculation of the limitations period turns upon the date his initial judgment of commitment became final. *See Martin v. Barlow*, 628 F.3d 871, 873-74 (7th Cir. 2010) (where petitioner challenges his initial civil commitment, habeas statute of limitations begins to run when commitment order becomes final under § 2244(d)(1)(A)). Because petitioner did not appeal his October 14, 1999 commitment order, *see* Doc. 1 at 2, the judgment became final when the thirty-day period to do so expired on November 15, 1999 (thirtieth day fell on Saturday, November 13, 1999). *See* Ill. S. Ct. R. 303(a) (notice of appeal must be filed within thirty days of circuit court judgment); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (under § 2244(d)(1)(A), judgment becomes final "when the time for pursuing direct review in th[e Supreme] Court, or in state court, expires"); *Kras v. Phillips*, No. 09-3089, 2009 WL 3756472, at *2 (C.D. Ill. Nov. 4, 2009) (where petitioner challenged initial civil commitment under SVP Act, commitment order became final when period to seek certiorari to Supreme Court expired following conclusion of direct review in Illinois Supreme Court). The limitations period ran unabated and expired one year later, on November 15, 2000.

*See Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (adopting "anniversary method" for calculating limitations period). Thus, petitioner's June 3, 2015 habeas petition is untimely.

Equitable tolling does not excuse petitioner's untimeliness. A petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in the way of timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Ray v. Clements*, 700 F.3d 993, 1007 (7th Cir. 2012) (petitioner bears burden of proof). The threshold necessary to trigger equitable tolling is "very high, lest the exceptions swallow the rule." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

Here, petitioner can make neither showing. He failed to pursue his rights diligently: he did not appeal his initial commitment order or otherwise challenge the order in state court. In addition, petitioner fails to establish that any extraordinary circumstance prevented him from timely filing his federal petition. Petitioner contends that "[t]here was no appeal" because "appointed counsel misinformed [him] that this civil commitment would last no more than two years." Doc. 1 at 2. Accepting petitioner's bald assertion as true, the record nonetheless establishes that petitioner was on notice that his civil commitment was not a determinate two-year period: the commitment order twice states that the circuit court committed petitioner to the custody of DHS for control, care, and treatment "until such time as he is no longer a Sexually Violent Person." Exh. A at 1, 2. Indeed, petitioner fails to explain why, if he believed his commitment would last

only two years based upon counsel's advice, he nonetheless waited more than *fifteen* years to file a habeas petition challenging the November 1999 commitment order.

Moreover, petitioner has been reevaluated at yearly intervals following his initial commitment. *See* 725 ILCS 207/55. At the time of such reevaluations, petitioner received written notice of his right to petition for discharge. *See* 725 ILCS 207/65(b)(1). If, as it appears, he neither petitioned the court for discharge nor waived the right to do so, the court conducts a probable cause hearing to determine whether there is probable cause to believe that petitioner is no longer an SVP. *Id.* Accordingly, petitioner's claimed lack of knowledge rings hollow.

In any event, even if the allegation is true, counsel's misinformation was not "egregious," as is required to warrant equitable tolling. *Holland*, 560 U.S. at 633; *see also Taylor v. Michael*, 724 F.3d 806, 811-12 (7th Cir. 2013) (equitable tolling unwarranted where attorney provided petitioner incorrect advice regarding habeas deadline, but petitioner "did not confirm the date his habeas petition was due in federal court, despite having several months to do so"); *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) (a lawyer's "simply legal mistake" is not "extraordinary" and "does not excuse an untimely filing"); *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) ("[A]ttorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures."). Additionally, petitioner's own misunderstanding of the law cannot justify equitable tolling. *See Taylor*, 724 F.3d at 811 ("Lack of

familiarity with the law . . . is not a circumstance that justifies equitable tolling."); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("the lack of legal expertise is not a basis for invoking equitable tolling"). Thus, equitable tolling is unwarranted and petitioner's habeas petition is untimely.

## II.     Additionally, All of the Claims Are Procedurally Defaulted.

A federal court may not address the merits of a habeas claim unless the state courts were given a full and fair opportunity to review it. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Thus, to preserve a claim for federal habeas review, a petitioner must assert it through one complete round of state court review. *Id.* at 844-48. Here, petitioner concedes that he did not appeal his commitment order or otherwise challenge the order in state court. Doc. 1 at 2. Because petitioner failed to assert his habeas claims through one complete round of state court review and the time to do so has lapsed, the claims are procedurally defaulted. *Boerckel*, 526 U.S. at 848; *see also Brown v. Waters*, 599 F.3d 602, 609 (7th Cir. 2010) (SVP petitioner procedurally defaulted his habeas claims by failing to present them to state courts).

To excuse his procedural defaults, petitioner must (1) show cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) demonstrate that he is actually innocent, so that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice.[3] *House v. Bell*,

---

[3] The Seventh Circuit has not specifically addressed whether the actual innocence exception to procedural default applies in the context of civil commitment

547 U.S. 518, 536 (2006).  Petitioner argues that he did not challenge his commitment because "[t]here is no state court remedy or statute to overturn an [SVP] verdict obtained as a result of 'self commitment.'" Doc. 1 at 2.  This is incorrect; petitioner was free to challenge his civil commitment on direct appeal by arguing, for instance, that trial counsel was ineffective.  *See, e.g., People v. Rainey*, 758 N.E.2d 492, 501-03 (Ill. App. Ct. 2001) (analyzing on direct appeal from commitment order whether trial counsel provided ineffective assistance by allowing petitioner to admit to SVP allegations).  In addition, he was free to file a petition for relief from judgment, *see* 735 ILCS 5/2-1401, challenging his commitment as an SVP.  *See, e.g., In re: Commitment of Walker*, 19 N.E.3d 205, 222 (Ill. App. Ct. 2014) (respondent in SVP proceeding who admits to allegations may assert claim of ineffective assistance of trial counsel in Section 2-1401 petition); *In re: Det. of Morris*, 840 N.E.2d 731, 733-34 (Ill. App. Ct. 2005) (Section 2-1401 petition provides remedy to collaterally challenge commitment under SVP Act).  And, as discussed, following each yearly reevaluation, petitioner receives written notice of his right to petition for discharge under Section 65 of the SVP Act.  In sum, petitioner has failed to demonstrate cause and actual prejudice necessary to excuse his procedural defaults.

---

proceedings.  *Brown*, 599 F.3 at 609.

### III. This Court Should Deny a Certificate of Appealability.

Upon entering an order dismissing the petition, this Court also should deny certification for petitioner's claims. *See* Habeas Rule 11(a) ("The district court must issue or deny a certificate of appealability (CA) when it enters a final order adverse to the applicant."); *Gonzalez*, 132 S. Ct. at 649 n.5. To obtain a CA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court denies a claim on procedural grounds, the petitioner must show not only that jurists of reason would find it debatable whether he has alleged at least one meritorious claim, but also that jurists of reason would find the procedural ruling debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner is not entitled to a CA because reasonable jurists would not debate that the habeas petition is untimely and that the claims are procedurally defaulted.

## **CONCLUSION**

For the foregoing reasons, this Court should deny the petition with prejudice and deny a certificate of appealability. If the Court determines that the petition is timely and that the claims are not procedurally defaulted, respondent respectfully requests thirty days from the entry of the Court's order so holding to address the merits of petitioner's claims in a subsequent pleading.

July 23, 2015                                    Respectfully submitted,

                                                                               LISA MADIGAN
                                                                               Attorney General of Illinois

By:   <u>/s/ Jean Godfrey</u>
       JEAN GODFREY, Bar #6306030
       Assistant Attorney General
       100 West Randolph Street, 12th Floor
       Chicago, Illinois 60601-3218
       TELEPHONE: (312) 814-8826
       FAX: (312) 814-2253
       EMAIL: jgodfrey@atg.state.il.us

## **CERTIFICATE OF SERVICE**

      I certify that on July 23, 2015, I electronically filed the foregoing **Answer** with the Clerk of the United States District Court for the Southern District of Illinois, East St. Louis Division, using the CM/ECF system, and on that same date mailed a copy of this document via the United States Postal Service to the following non-CM/ECF user:

    Dennis J. Hoppes
    Rushville Treatment and Detention Facility
    1680 County Farm Road
    Rushville, Illinois 62681

                                              <u>/s/ Jean Godfrey</u>
                                              JEAN GODFREY, Bar #6306030
                                              Assistant Attorney General
                                              100 West Randolph Street, 12th Floor
                                              Chicago, Illinois 60601-3218
                                              TELEPHONE: (312) 814-8826
                                              FAX: (312) 814-2253
                                              EMAIL: jgodfrey@atg.state.il.us