**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DENNIS J. HOPPES,**

**Petitioner,**

**vs.**                                                    **Civil No.   15-cv-610-DRH-CJP**

**GREGORY SCOTT,**
**Program Director, Rushville**
**Treatment/Detention Facility,**

**Respondent.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Dennis J. Hoppes was civilly committed under the Illinois

Sexually Violent Persons (SVP) Commitment Act, 725 ILCS 207/1, et seq., in

1999.  In June 2015, he filed a petition for writ of habeas corpus pursuant to 28

U.S.C. §2254.  (Doc. 1).[1]

This matter is now before the Court on petitioner's motion for an

addendum (Doc. 22), as well on as the merits of the petition itself.

### Grounds Asserted for Habeas Relief

The petition sets forth four grounds for habeas relief:

1.      The state was required to prove lack of ability to control dangerous
sexual behavior for this type of civil commitment.   Petitioner's lawyer
"misinformed him that the State 'could prove all requirements at trial'
including that 'lack of control is implicit in the mental disorder diagnosis
from the DSM manual.'"

---

[1] Hoppes prepared his petition using a form for a petition under 28 U.S.C. §2241.  Because he is
in custody pursuant to the order of a state court, on preliminary review his petition was construed
as being brought under 28 U.S.C. §2254.  See, Doc. 4.

2.      The state sought to prove that petitioner was substantially probable to reoffend by the testimony of an expert witness who relied on "risk assessment tools," but the risk assessment tools do not detect or measure the presence of or the severity of a mental disorder.   His original commitment and annual continuance of commitment are predicated on the use of these tools.

3.      The state used a doctor who was a Psy.D, and not an M.D. to diagnose petitioner with a mental abnormality.   "The petitioner's liberty has been taken away from him based on an unqualified diagnosis by an unqualified non-medical doctor.  Had appointed counsel at the 2005 proceedings been effective and challenged the State's evidence, the outcome would have been different."  Further, petitioner "does not suffer from any acquired or congenital brain abnormality as is  absolutely required by the Act."

4.      Petitioner's age and serious medical conditions significantly reduce his likelihood of recidivism.

### Relevant Facts and Procedural History

The Illinois Attorney General filed a petition to have Dennis J. Hoppes civilly committed as a Sexually Violent Person in St. Clair County.  On October 14, 1999, Hoppes admitted the allegations in the petition and, based upon the admission, a Circuit Judge found him to be a Sexually Violent Person and ordered him committed pursuant to  725 ILCS §207/40.  See, Sexually Violent Person Admission Findings and Order, Doc. 8, Ex. 1.[2]  The order indicates that Hoppes was represented by counsel.

According to the habeas petition, Hoppes has never filed any state court action challenging his commitment because "There is no state court remedy or

---

[2] For clarity, the Court will refer to the Document, Exhibit and Page numbers assigned by the CM/ECF electronic filing system.

statute to overturn an SVPCA verdict obtained as a result of 'self commitment.'"

Doc. 1, p. 2.  See also, Doc. 1, p. 6 ("No appellate or collateral remedies were/are

available at time of commitment or present day.")

### Applicable Legal Standards

1.    **Illinois Sexually Violent Persons Commitment Act**

The Illinois Sexually Violent Persons Commitment Act defines a sexually

violent person as:

> a person who has been convicted of a sexually violent offense, has been
> adjudicated delinquent for a sexually violent offense, or has been found not
> guilty of a sexually violent offense by reason of insanity and who is
> dangerous because he or she suffers from a mental disorder that makes it
> substantially probable that the person will engage in acts of sexual violence.

725 ILCS §207/5.

A "sexually violent offense" is defined in the same section as various

specified crimes under Illinois law.  Petitioner does not contest the fact that he

was convicted of one of the enumerated crimes.

The Attorney General or the State's Attorney in the county in which the

person was convicted may file a petition alleging that he is a sexually violent

person.  §207/15.  Proceedings under the Act are civil in nature.  §207/20.

However, the person has the right to be represented by counsel and an indigent

person has the right to appointed counsel.  §207/25(c).  The State bears the

burden of proving the allegations of the petition beyond a reasonable doubt.

§207/35(d).

The State has the right to have the person evaluated by an expert chosen by

the State, and the person has the right to retain an expert to evaluate him.  If the person is indigent, the court is to appoint a qualified expert to perform the examination at the person's request.  §207/25(e).  If the person is found to be a sexually violent person, "the court shall order the person to be committed to the custody of the Department [of Human Services] for control, care and treatment until such time as the person is no longer a sexually violent person."  §207/40(a).  The order shall specify either institutional care or conditional release.  §207/40(b)(2).

A judgment finding that the person is a sexually violent person is reviewable on appeal.  §207/35(g).  The committed person may also file a petition for discharge.  §207/65(b).

A committed person must be reexamined at least once every twelve months, and a written report of the examination must be submitted to the court.  §207/55.  At the time of the reexamination, the committed person is to be furnished with a notice of his right to petition the court for discharge.  If the person does not waive his right to petition for discharge, "the court shall set a probable cause hearing to determine whether facts exist to believe that since the most recent periodic reexamination (or initial commitment, if there has not yet been a periodic reexamination), the condition of the committed person has so changed that he or she is no longer a sexually violent person."  If the court determines that there is probable cause, it shall hold a hearing on the issue.  The person has the right to an attorney at both hearings.  §207/65.

The committed person may also petition the court for conditional release. §207/60.

**2.     Law Applicable to Habeas Petition**

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA.   "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 122 S.Ct. 1843, 1849 (2002).

Habeas is *not* yet another round of appellate review.    28 U.S.C. §2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. §2244 creates a one-year limitation period for filing a petition for writ of habeas corpus.  Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition.  28 U.S.C. §2244(d)(2).

The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).   Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562, citing *Pace v. DiGuglielmo,* 125 S. Ct. 1807, 1814 (2005).  The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland*, 130 S. Ct. at 2564.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default.  *Bolton v. Akpore,* 730 F.3d 685, 694-696 (7th Cir. 2013).  Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728 (1999);

see also 28 U.S.C. §2254(c).   Under the Illinois two-tiered appeals process, petitioners such as Hoppes must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one.  *Id.* at 1732-1733.

**<u>Analysis</u>**

**1.     Motion for Addendum, Doc. 22**

Petitioner seeks leave to amend his first ground to allege that no language in the Illinois SVP statutes permits "voluntary commitment," but "ineffective assistance of counsel, the judicial misconduct, and the prosecutorial misconduct all combine to mislead this petitioner into believing that if he voluntarily committed himself he could be released in a few years."

Respondent objects to the proposed amendment because the new claim is untimely, defaulted and noncognizable.  See, Doc. 24.

28 U.S.C. §2242 provides that a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Under Fed.R.Civ.P. 15(a)(2), at this stage, petitioner may amend only with the opposing party's consent or by leave of court; the court is to "freely give leave when justice so requires."   However, leave to amend may be denied where the proposed amendment would be futile.  *Gandhi v. Sitara Capital Management*, 721 F.3d 865, 868-869 (7th Cir. 2013).

The Court agrees that the proposed amendment would be futile because the proposed amended claim is procedurally defaulted.   Because petitioner failed to

present his claims to the state courts for one full round of review, they are defaulted, as is explained in detail below with respect to the claims set forth in the original petition.  Therefore, the motion for addendum **(Doc. 22)** is **DENIED**.

**2.      Timeliness of Petition**

Respondent argues that the petition should be dismissed as untimely. Hoppes was initially committed as an SVP in 1999.  His §2254 petition was filed on June 3, 2015, long after the one-year period for filing a §2254 petition had run.

Petitioner does not allege that his habeas claim arises out of newly-discovered facts or a newly-recognized constitutional right, or that the state created an impediment to filing.  Therefore, §2244(d)(1)(A) applies, and the one-year limitations period began to run when the state court judgment became final.

The petition is obviously untimely as to the original order of commitment. However, the Seventh Circuit has held that a civilly committed person may bring a habeas petition challenging a subsequent order continuing his commitment.  Each state order continuing the commitment "constitutes a new judgment for purposes of AEDPA, and therefore starts a new statute of limitations period."  *Martin v. Bartow*, 628 F.3d 871 (7th Cir. 2010).

Further, *Martin* suggests that there are some situations in which a petitioner can challenge an order continuing commitment on a ground that could have been raised as to the initial order of commitment.  The ability to bring a claim that could have been brought as to the initial order depends on whether the

order continuing commitment "amounts to a redetermination that a person civilly committed is mentally ill and dangerous or merely a determination that there are no changed circumstances warranting a reconsideration of the initial determination." *Martin*, 628 F.3d at 878.

Respondent's timeliness argument assumes that the petition is directed to the original commitment order and does not consider whether Hoppe's arguments, in part, are directed to the current commitment order.  Further, this Court has not been furnished with a copy of the commitment order that directly preceded the filing of the habeas petition.  Therefore, this Court cannot definitely determine whether that order constituted "a redetermination that a person civilly committed is mentally ill and dangerous or merely a determination that there are no changed circumstances warranting a reconsideration of the initial determination." *Martin*, 628 F.3d at 878.  Under the circumstances, the Court declines to dismiss the petition as untimely.

**3.    Procedural Default**

The Court agrees with respondent that all of petitioner's claims are procedurally defaulted.

Petitioner admits that he has not presented any of his claims for state court review.  He asserts that there are no state remedies available to a person who has been committed as an SVP by stipulation.  This is incorrect.

First, as respondent notes, petitioner could have filed a direct appeal raising his ineffective assistance of counsel claims.  See, *People v. Rainey*, 325 Ill.

App. 3d 573, 758 N.E.2d 492 (2001).  He could also have filed a petition for relief from judgment under 735 ILCS 5/2-1401.  See, *In re: Commitment of Walker*, 19 N.E.3d 205 (Ill. App. Ct. 2014), in which the detained person raised a claim that the SVP Commitment Act does not permit commitment upon a stipulation and a claim of ineffective assistance of counsel by way of a petition for relief from judgment.

There are still state court remedies available to petitioner.  He can file a petition for discharge or conditional release pursuant to 725 ILCS §§207/60 and 65(b).  If that petition is denied, he can file a direct appeal.  See, *In re Detention of Stanbridge*, 980 N.E.2d 598 (Ill. 2012), for a discussion of the procedures applicable to petitions for discharge or conditional release.

Because petitioner has not presented his claims to the state court for one full round of review, his claims are procedurally defaulted.  This Court cannot consider his procedurally defaulted claims unless petitioner demonstrates cause and prejudice or that failure to consider the claims will result in a fundamental miscarriage of justice.  *Brown v. Watters*, 599 F.3d 602, 609 (7th Cir. 2010).

Hoppes states in his reply, Doc. 21, that he believed that he had no state court remedies.  Petitioner's misunderstanding as to the state remedies available to him does not constitute cause to excuse his procedural default.  Cause for a default generally requires a showing that something external to the petitioner, "something that cannot fairly be attributed to him," impeded his ability to properly present his claim.  *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012).  The

fact that a petitioner is pro se is not sufficient by itself to establish cause. *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010).  Further, a lack of education or legal knowledge does not constitute cause. *Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002).

Petitioner also asserts that his procedural default should be excused because he is "actually innocent."  The Seventh Circuit has declined to resolve "whether the actual innocence exception to the general rule of procedural default applies in the context of civil commitment proceedings." *Brown*, 599 F.3d at 609.

Assuming that "actual innocence" applies in a civil commitment case, Hoppes has not come close to establishing that he is actually innocent of being an SVP.  First, he admitted the allegations contained in the petition for commitment. Doc. 8, Ex. 1.  Secondly, he has not come forward with new evidence sufficient to meet the demanding standard for a tenable claim of actual innocence.  See, *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014), discussing the requirements for a tenable claim of actual innocence in light of *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), and *Schlup v. Delo*, 115 S. Ct. 851 (1995).

Lastly, petitioner suggests in his reply that it would be futile to pursue state court remedies because no state court judge will rule in his favor for fear of incurring the wrath of Illinois House Speaker Michael Madigan.  Doc. 21, pp. 6-7. Petitioner has offered no proof of this allegation, and he is not in a position to claim that state court remedies are futile when he has never pursued them.

## <u>Certificate of Appealability</u>

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show *both* that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel, Ibid.*

Here, no reasonable jurist would find it debatable whether this Court's rulings on procedural default were correct. Accordingly, the Court denies a certificate of appealability.

## **Conclusion**

Petitioner's motion for addendum **(Doc. 22)** is **DENIED**.

Dennis J. Hoppes' petition for habeas relief under 28 U.S.C. §2254 **(Doc. 1)** is **DENIED**.  This cause of action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE: October 13, 2016**

Digitally signed
by Judge David
R. Herndon
Date: 2016.10.13
10:01:42 -05'00'

**United States District Judge**

## **Notice**

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A).  A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition.  Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability.  Here, the Court has denied a certificate.  In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability.  Further, a motion to reconsider the denial does not extend the time for appeal.  See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.